IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE CASTILLO MATA** | **CIVIL ACTION** |
| **v.** | |
| **J.L. JAMISON,** *et al.* | **No. 26-2960** |

**Henry, J.**                                                          **May 5, 2026**

**MEMORANDUM**

Jose Castillo Mata is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred. This distinction deprives a detainee like Castillo Mata of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of many other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the appellate authority on point, I grant Castillo Mata's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

**I. Background**

On May 4, 2026, Castillo Mata filed a petition for a writ of habeas corpus.[1] The respondents have offered no dispute as to the factual content of the petition or suggested the need for further

---

[1] Yesterday, I ordered a return and showing by the respondents by May 7. Less than four working hours later, the response was filed. I hope to match the United States Attorney's dispatch with this order.

evidence. *See* Opp. 4 ("case turns principally on the threshold question of statutory interpretation").

Castillo Mata is detained at the ICE Field Office or the Philadelphia Federal Detention Center (FDC) under Warden J.L. Jamison, after being arrested by immigration authorities. Pet'n ¶¶ 7, 26. He entered the country without inspection as a seven-year-old in 2004, Pet'n ¶ 1, and his arrest on May 4 was his first contact with immigration authorities, *id.* ¶ 2. He is a citizen of El Salvador. *Id.* ¶ 1. He was on his way to work in Aston Pennsylvania, where he lives, when he was arrested. *Id.* ¶¶ 3, 7. Because Castillo Mata is detained under the mandatory detention provision of 8 U.S.C. § 1225 (INA § 235), the respondents have determined that he will not be permitted a bond hearing, Opp. 8.

## II. <u>Discussion</u>

As the respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. Opp. 4. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations.[2] The issue has been considered directly by three appellate courts. *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) (unanimous); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (5th Cir. Feb. 6, 2026) (split opinion); *Avila v. Bondi*, No. 25-3248, 170 F.4th 1128, 1138 (8th Cir. Mar. 25, 2026) (split opinion). The Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) also concluded at the level of a preliminary injunction that the government was not likely to succeed on the merits of its argument for mandatory detention of

---

[2] The respondents have challenged this Court's jurisdiction prior to the merits in previous cases, but, as they acknowledge, they raise no jurisdictional challenge here. Opp. 4 n.3.

applicants for admission present under § 1225(b)(2)(A)). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement,* et al., No. 26-1454 (3d Cir.), set for argument next week.

The question here: Is Castillo Mata properly detained under the mandatory detention provisions in 8 U.S.C. § 1225? According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Castillo Mata was "seeking admission" under this section, although he had been in the country since 2019 and was detained in early-mid 2026. This reading suffers from several textual problems: It is not a plain reading of the text, since it would run against statutory definitions (and be strange otherwise) to say that Castillo Mata "seeks" to be "admitted" to a place he had already entered. *Cunha*, 2026 WL 819258 at *6. It threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Id.*; *Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 166 F.4th at 505 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into

the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken several hundred times on the matter in the past months, a deeper giving of reasons on this legal point would be merely cumulative. Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Castillo Mata is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Castillo Mata has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III. <u>Conclusion</u>

For the reasons given above, Castillo Mata's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226. Castillo Mata may also submit a motion for attorney fees with a proposed order and/or judgment.